# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3617
_____

BERNARD DAVIS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua M. Hawkes, Judge.

March 27, 2024

WINOKUR, J.

Bernard Davis was convicted of first-degree murder and attempted armed robbery with a firearm. These convictions were affirmed on appeal in 2015 and Davis' petition to the United States Supreme Court was denied in 2016. In 2017, Davis, through counsel, filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion and the denial was affirmed in 2018. In 2019, Davis filed a motion, through the same counsel that filed the 3.800(a) motion, alleging ineffective assistance of trial counsel under Florida Rule of Criminal Procedure 3.850. The court denied the 3.850 motion as untimely in January 2020, and this denial was affirmed on appeal.

In September 2022, Davis filed a second rule 3.850 motion, this time represented by different counsel. In this second rule 3.850 motion, Davis requested the court to consider the merits of the first rule 3.850 motion, because the untimeliness of the earlier motion was due to the misadvice of former counsel, who had erroneously advised Davis that the filing of the rule 3.800(a) motion would toll the time to file a motion under rule 3.850. The motion included an affidavit of former counsel in which he admitted the misadvice. The trial court denied the motion, rejecting Davis' claim that the information about the misadvice constituted newly discovered information. This appeal follows.

A defendant may file a rule 3.850 motion more than two years after the judgment and sentence become final when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). The trial court correctly ruled that Davis could have discovered that his counsel misadvised him about the timeliness of his first 3.850 motion when the court denied the motion as untimely in January 2020, more than two years prior to filing the second rule 3.850 motion. We therefore affirm the order.

We note that this situation, where collateral counsel's ineffectiveness prevented state collateral review of claims of ineffective assistance of trial counsel, is addressed in the context of a federal habeas corpus proceeding in *Martinez v. Ryan*, 566 U.S. 1 (2012). However, the Florida Supreme Court has ruled that "*Martinez* applies only to federal habeas proceedings." *Banks v. State*, 150 So. 3d 797, 800 (Fla. 2014).

AFFIRMED.

LEWIS and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Ryan Edward McFarland of Kent & McFarland, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.